Roderick Washington 5994632
441 Bauchet Street
Los Angeles, CA 90012
  In Pro Per

Related
DOS

FILED
CLERK, U.S. DISTRICT COURT

MAY 23 2022

CENTRAL DISTRICT OF CALIFORNIA
BY                              DEPUTY

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

RODERICK WASHINGTON              Case No. CV22-3564-CBM (AS)
            Plaintiff            42 USC section 1983

VS                               JURY TRIAL DEMANDED

SHEN JAY FERN, DDA, et.al.
            Defendants

## I  JURISDICTION

1) Plaintiff brings this lawsuit pursuant to 42 USC section 1983. This Court has jurisdiction under 28 USC Section 1331 and 1343. Plaintiff also seeks a declaratory judgment pursuant to 28 USC section 2201.

## II VENUE

2) This District of California is appropriate venue under 28 USC Section 1391 (b)(2) because a substantial part of the events or omissions giving rise to the claim occurred in this district.

1

## III   PARTIES

3) Plaintiff Roderick Washington was at all relevant times, to this action a Pretrial Detainee incarcerated at Los Angeles County Men's Jail, which is located in the District of California.

4) Defendant Shen Jay fern was at all relevant times to this action Deputy District Attorney for the County of Los Angeles District Attorney's office and was acting under the Color of federal and state law. By statute the Deputy District Attorney is responsible for ensuring the safety and well being of Plaintiff under his Supervision. By LA County District Attorney's office Policy and LA County Sheriff's Department Policy an inmate is not to be Confined in segregation unless he poses a serious threat. The LA County Sheriff's Department Jail Manual. He is sued in his individual and official Capacities. Address: 211 West Temple Street   Los Angeles, CA 90012

5) Defendant D. Hinton was at all relevant times to this action LA County Sheriff's Department legal unit custody Assistant for the County of Los Angeles Superior court and was acting under the Color of federal and state law. By statute, the LA County Sheriff's Department legal custody assistant is to provide Access to Court, trained personnel, and Access to law library who is not Confined to Adseg unless he poses a serious threat. LA County Sheriff's Dept Jail Manual. He is sued in his individual and official Capacities. Address is: 441 Bauchet Street LA CA 90012

2

6) Defendant Rendin was at all relevant times to this action LA County Sheriff's Department Custody Assistant for the County of Los Angeles Sheriff's Department and was acting under the Color of Federal and State law. By statute the LA County Sheriff's Department Custody Assistant is to provide Access to Court, trained Personnel, and Access to law library who is not confined to Adseg unless he poses a serious threats. LA County Sheriff's Dept. Jail Manuel. She is sued in her individual and official Capacities. Address: 441 Bauchet street LA CA 90012

7) Defendant Edmunds was at all relevant times to this action LA County Sheriff's Dept Custody assistant For the County of Los Angeles Sheriff's Department and was acting under the Color of Federal and State law. He was the Custody Assistant in LA County Sheriff's Dept Mailroom and was responsible to ensure Safety of Plaintiff and Mail. He is sued individual and official capacities. Address: 441 Bauchet street

8) Defendant Hailey was at all times relevant to this action LA County Sheriff's Dept Sergent of Los Angeles County Sheriff's Dept. He was the Segregation unit Commander and was responsible to ensure the Safety of Plaintiff. He is sued individual and Official Capacities. Address: 441 Bauchet street LA CA 90012

9) Defendant Ronald Tran was at all relevant times to this action an Attorney for Funeles and McNally Law Firm representing County of Los Angeles District Attorney's office and was acting under Color of Federal and State law.

By statutue the Attorney Ronald Tran is responsible for ensuing the custody records of LA County District Attorney's office. DA Investigator and LA County DA's office Policy.  Address is: 700 North Central Ave Suite 450. Glendale, CA 91203

10) Defendant Raymond J. Funles was at all relevant time to this action LA County District Attorney's office legal Representitives and was acting under Color of federal and state law. By statutue the Attorney Raymond J. Funles is responsible for ensuring the custody Records of LA County District Attorney's office. DA Investigator and LA County DA's office Policy. Address is: 700 North Central Ave. suite 450. Glendale, CA 91203

11) Defendant Laura Pejver was at all relevant times to this action LA County Superior Court judge for the state of California, county of los Angeles Superior Court and was acting under Color of federal and State law. By statutue LA County Superior court judge is responsible for the custody of all inmates. She is sued in her individual and official Capacities. Address: 210 west Temple street

12) Defendant Jose I. Sandoval was at all relevant times to this action LA County Superior Court judge for the state of California, County of los Angeles Superior Court and was acting under Color of federal and state law. By statutue LA County Superior Court judges is responsible for the custody of all inmates. He is sued in his individual and official Capacities. Address is: 210 west Temple Street LA CA 90012

4

3) Defendant Espinoza was at all relevant times to this action LA County Superior Court judge for the state of California, county of Los Angeles superior Court of Los Angeles and was acting under Color of federal and State law. By statute LA County Superior Court judge and responsible for the custody of all inmates. He is sued in his individual and official Capacities. Address is: 210 West Temple Street LA CA 90012

4) Defendant Kathleen Madre was at all relevant times to this action LA County Superior Court judge for the County of Los Angeles Superior Court and was acting under Color of federal and State law. By statute the LA County Superior Court judge is responsible for the custody of all inmates. She is sued in her individual and official Capacities. Address: 210 West Temple street LA CA 90012

5) Defendant William C. Ryan was at all relevant times to this action LA County Superior Court judge for the County of Los Angeles Superior Court and was acting under Color of federal and state law. By statute the LA County Superior Court judge is responsible for the custody of all inmates. He is sued in his individual and official Capacities. Address is: 210 West Temple street LA CA 90012

11) Defendant Greg Richmon was at all relevant times to this action LA County Superior Court judge for the County of Los Angeles Superior Court and was acting under Color of federal and state law. By statute the LA County Superior Court judge is responsible for the custody of all inmates. He is sued in his individual and official Capacities. Address is: 210 West Temple street LA CA 90012

5

## IV EXHAUSTION OF ADMINISTRATIVE REMEDIES

(17) Plaintiff sought to exhaust his administrative remedies as required by LA Superior Court of County of Los Angeles and State of California "Judicial Performance" Policy, but Defendants would not Provide any grievance form to plaintiff.

## V  FACTUAL ALLEGATIONS

(CLAIM 1: UNJUSTIFIABLE DELAY IN TRIAL AND INTER FERENCE WITH RIGHT)

(18) On August 19, 2020, Plaintiff Roderick Washington was arrested by LA County District Attorney's office stemming from a deliberate Fabricated Search Warrant and affidavit for Dennis Washington LA County District Attorney's office case No: 2018-G-1749, in which Defendant Sandoval and FERN altered, Falsified, Modified, Manufactured evidence to illegally arrest detention, and Search Plaintiff from 8/19/20 to present.

(19) On August 21, 2020, the Plaintiff was arraigned by Defendant Espinoza and FERN, who set preliminary hearing for Sept 1, 2020, People v. Washington, BA489335

(20) On 8/22/20, after Plaintiff Washington's arrest Defendant FERN started to alter, Conceal and Manufacture evidence to Keep Plaintiff in custody.

(21) On 03/12/21, the Plaintiff Washington was provided Discovery in People v. Washington, BA489335 and BA490743 and BA490749, by Defendant FERN.

6

22) ON 10/16/20, the Plaintiff Washington was arraigned by Defendant Espinoza and Fern in People v. Washington, BA490743 and BA490749, who set the Preliminary Hearing for 10/29/20.

23) The Plaintiff Washington alleges that Defendant Fern and Espinoza unreasonable delayed and unjustifiable interfered with Plaintiff Washington receiving a speedy Preliminary hearing within 10 days and speedy trail within 60 days Per California Penal Code section 859(b).

24) ON 10/16/20, the Plaintiff Washington had elected to go Pro Per in People v. Washington, BA490743 and BA490749, which Defendant Fern and Defendant Sandoval had sought to interfer and impede with the Plaintiff's right to a speedy Preliminary Hearing and speedy trail by unjustifiably delaying and/or interfering with a timely hearing set for October 29, 2020.

25) ON 01/06/21, the Plaintiff Washington had elected to go Pro-Per in People v. Washington, BA489335 and pushed for a Speedy Preliminary Hearing which Defendant Fern and Sandoval had sought to delay another month until February 09, 2021 without taken a personal waiver from Plaintiff.

26) ON 02/09/21, the Plaintiff Washington had a Preliminary Hearing by Defendant Richmon in People v. Washington BA489335 and was delayed 7 1/2 months for Preliminary Hearing to investigate Plaintiff for other crimes

27) On the same day, the Plaintiff Washington requested Copies of transcripts but Defendant Richman delayed, So Plaintiff could not File a 995 Motion to Dismiss Case with Prejudice for intentional Penal Code violation(s) of Section 859(b).

28) On 03/29, 30/21, the Plaintiff Washington had Preliminary Hearing in People v. Washington, BA490749, which was delayed for 5 1/2 Months to Further investigate Plaintiff's involvement in other crimes.

29) The Plaintiff Washington had told judge Pastor of the intentional violation of 859(b) violations, and he ordered the request of Preliminary Hearing Transcripts and transcripts for People V. Washington, BA490749 and BA490743 to be delievered to Plaintiff in Dept 116, on 4/06/21

30) On March 08, 2021, Plaintiff Washington had filed a series of Motions in Defendant Priver Courtroom and served Defendant Fern; (1) Ex Parte Motion for legal Books provided by Court, (2) Ex Parte Motion for Reimbursement of Funds spent on telephone, (3) 995 Motion to Dismiss and (4) Motion to Traverse and/or Quash warrant.

31) On March 12, 2021, Plaintiff Washington Filed More Motion to Defendant Fern and defendant Priver Notice of Motion to Disclose Peace officer Personnel files and "traverse and Quash Warrant.

32) On March 11, 2021, Defendant Fern Filed a reply in People v. Washington, BA489335 which Defendant Priver ordered him to Respond to Motion to Return property and/or lift Sanctions on Bank of America Account.

33) ON March 23, 2021, Plaintiff Washington's investigator Ron Cross Filed another Amended Motion and Notice of Motion for Discovery to Defendant Tran and Funtes

34) On March 27, 2021, Plaintiff Washington received legal Mail from Defendant Funtes and Tran to Sign and Date Non Disclosure Act in People v. Washington BA489335 and BA490749 and opposition to Discovery.

35) ON 4/06/21, the Plaintiff Washington refuse to Sign and Date "NDA" and proceed on Personnel Files by Defendant Priver who denied, interfered and withheld Pitchess Motion.

36) On the Same day, Plaintiff Washington's writ of habeas corpus, 859(b) and Bail Motion were transferred to Defendant William C. Ryan for Review in Dept 100.

37) On the Same day, the Plaintiff Washington had Defendant Priver to deny Motion(s): (1) Bail, (2) Motion for selective Prosecution (3) Motion to unseal Warrant, (4) Motion for destruction of Evidence, (5) Motion to Traverse and Quash Warrant; and (6)

Motion for Personal files.

38) On 4/12/21, Plaintiff Washington filed another State writ of habeas corpus to Dept 116 judge Shapiro who assigned to Defendant Ryan, in People v. Washington BA490749 859(b) violation.

39) ON 04/13/21, Plaintiff Washington appeared in People v. Washington, BA490749 to be arraigned and to get transcripts Judge Pastor ordered from Claim 28, which Defendant Fern and Judge Shapiro had Extend the trail date until July 16, 2021.

40) on 04/15/21, Plaintiff Washington submitted State of California Judicial Performance Complaints Concerning Defendants Madre, William C. Ryan, Priver Espinoza, and Santlavalin case People v. Washington BA490743 and BA490749 and BA489335 deliberately and Purposefully delayed in bring case and Misconduct.

41) ON 3/29,30/21, Defendant Fern went before Judge Pastor for um shopping to get judge Pastor to deny OR in Case People v. Washington BA490749, who granted OR.

42) on 4/06/21, Defendant Fern went before Defendant Priver for um shopping to get Defendant Priver to

10

deny OR in case People v. Washington BA489335, which
Defendant Fern and Defendant Priver interfered with
OR by Consolidating case BA490749 into BA489335
to interfer with speedy trail.

43) On 04/26/21, Plaintiff Washington had a Motion hearing
on Peace officer files and Bail in Claim 42, which
Defendant Priver and Fern and Tran and Funtes
had sought to deny and interfer with plaintiff
receiving information.

44) On 05/05/21, plaintiff Washington filed another
Commission on Judicial Performance Complaint on
Defendant Madre who deliberately delayed and interfered
with People v. Washington, BA490743 with
Defendant Fern.

45) On 4/16/26, Defendant Ryan had responded to writ of
habeas corpus denying relief in People. v. Washington
BA490749 regarding Speedy Hearing 10/29/20.

46) ON 05/13/21, Defendant Fern had Filed a People's
Notice of Motion and Motion to Consolidate People. v.
Washington BA490749 into People v. Washington
BA489335 to cover up the deliberate delay and
Interference with Speedy trail on July 16, 2021.

47) The Plaintiff Washington was not given a chance to respond to Defendant Fern motion(s) as required by the 10 day rule and notice, due to lack of Law library.

48) On 05/27/21, Plaintiff Washington appeared before Defendant Priver and Defendant Fern in People v. Washington BA489335 who had conspired to consolidate case People v. Washington BA490749 into People v. Washington BA489335, which Defendant Fern and Priver delayed and interfered with his right to a speedy trail in People v. Washington, BA490749, on 07/16/21.

49) The Plaintiff Washington alleges he had Defendant Fern and Priver and Madre and Espinoza and Sandoval to interfer with his right to a speedy Preliminary Hearing and trail in People v. Washington, BA489335 and BA490743 and BA490749 by concealing the true facts about the falsified search warrant and Affidavit E5201910829.

50) Defendant Priver and Fern and Madre and Sandoval and Richman and Espinoza interference was intentional to violate the Plaintiff's constitutional and statutory right to a speedy Preliminary and speedy trail within 10 days and 60 days for in custody defendant.

51) Plaintiff Washington alleges he was deliberately retaliated against Defendants in claim 50 for exercising his right to represent himself and filing state / federal writ of habeas corpus claim 63.

52) On 05/27/21, the Plaintiff was admonished by Defendant Priver and Fern about Co-defendant Harrison and Co-defendant Sensa telephone calls.

53) On the same day, the Plaintiff had severed ties with private Investigator Ron Cross and stand by Cursel Madeline Chung who never spoke to plaintiff and was told by Defendant Priver he could not talk to her because he was Pro-Per.

54) The Defendant Priver had denied all plaintiff's Motions and conspired with Defendant Fern to conceal and cover up Defendants fabrication of search warrant by interfering with plaintiff receiving personal files by Defendant Tran and Defendant Funats in People. V. Washington, BA490749 and People V. Washington BA489335

55) Plaintiff Washington had Defendant Priver and Defendant Fern and Defendant Tran and Defendant Funats to put off indefinitely hearing on Pitchess Motion in Case People V Washington, BA490749.

56) Plaintiff Washington was given a copy of defendant Tran and Defendant Funkes Motion for Protective order and opposition to Pitchess Motion and (Attachment A) Non Dischere Agreement, which plaintiff refused to sign.

57) Because Plaintiff's refusal to sign Non Disclosure Act (NDA) and Contacting Co-defendant Sesma and co-defendant Will Harrison about Fabricated Search Warrant and illegal Plea Agreement. The Defendant Priver and fern sought to Conspire with Defendant Hailey and Defendant Hinton to interfer with plaintiff's access to Court, telephone and law library to argue his "traverse and Quash warrant Motion in 6/10/21.

58) the Plaintiff was scheduled for his next Court opperence on 06/10/21 to hear Motion to Traverse and Quash warrant before Defendant Fern and Defendant Priver.

59) On 06/10/21, Plaintiff had appeared before Defendant Priver and Defendant Fern'had conspired that he was not given law library and falsely written up by Defendant Hailey and Rearkn and Hinton Claim 2

60) Due to no fault of Plaintiff's own, he was forced to give up his Pro Per status because he cudn't get access to law library to search Caselaw and use telephone in People v. Washington, BA459335

14

61) The Plaintiff Washington did not give up his Pro Per Status in People. v. Washington, BA490749, and was denied, delayed and interfered with by Defendant Priver and Fern his right to speedy trail, which Last day July 16, 2021.

62) Shortly after giving up his Pro Per status, Plaintiff Started to experience unjustifiable interference in a Speedy trail by Defendant Priver and Fern in People v. Washington, BA490749 by Consolidating and Prolonging his Case for Continued investigation.

63) Because Defendant Priver and Fern had Conspired to retaliate against Plaintiff for filing federal writ of habeas Corpus entitled Washington v. Superior Court of Los Angeles etal, 21-CV-0454GW(CAS).

64) Plaintiff First Amendment right to Petition the Court's was Violated by Defendant Fern and Defendant Priver and Defendant Madre and Defendant Espinoza and Defendant Sandoval and Defendant Richman and Defendant Ryan for interference with right to self representation.

(CLAIM 2: DELIBERATE RETALIATION AND INTERFERENCE WITH ACCESS TO COURTS)

65) ON 05/27/21 the Plaintiff was admonished by the Defendant Priver about Contacting Co-defendants Will Harrison and Co-defendant Veronica Sesma.

15

(6) the Plaintiff started to experience retaliation by Defendant Fern and Defendant Priver, who had ordered Defendant Hailey and Hinton to remove from Pro-Per Privileges in Module 4600 Adseg.

(67) Shortly after these events, Defendant would restrict his outgoing calls to Plaintiff's legal assistance Eugene Moore who looked up case law, Judicial Council Performance on State Judges, and made 3 ways Calls for Plaintiff.

(68) On 05/27/21, after Plaintiff was returned from Court, he, I/m White 5330927 and I/m Gernaldi 5385562 were ordered all Moved.

(69) Plaintiff had delayed moving to talk to Defendant Hinton and/or Defendant Hailey about his continued Law library in case People v. Washington, BA489335 and People v. Washington, BA490749, to no avail.

(70) On 05/29/21, Plaintiff was written up a Los Angeles County Sheriff's Dept Custody Division "Notice of Disciplinary Violation for "Creating Disturbance/Verbal "Insubordination/Refusal to follow order by Defendant Rendon.

11) Plaintiff had Filed a Prior state and federal writ of Habeas corpus against Defendant Priver and Defendant Ryan and Defendant Espinoza and Defendant Sandoval and Defendant Madre and Defendant Hinton and Defendant Fern and Defendant Sandoval and Defendant Hailey and Defendant Richman against Los Angeles County Superior Court Judge.

12) Plaintiff state and federal writ of habeas corpus was alleging violation of Pro Per rights to use telephone, legal Runner, Pro Per Funds, Private Investigator, and Law library.

13) Defendant Madre and Defendant Priver and Defendant Ryan and Defendant Espinoza and Defendant Sandoval and Defendant Richman to deny, delay, and interfer with Access to Court and right to self representation by Withholding Private Investigator, funds, and Right to Speedy Preliminary and Speedy trail.

14) Plaintiff Washington was falsely written up Misconduct by Los Angeles County Jail staff for creating a Disturbance claim 10.

15) Plaintiff was found guilty of the creating Disturbance at disciplinary hearing officer.

16) As a result of Defendant Fern and Defendant Priver Conspiring with Defendant Hailey and Hinton to write Plaintiff up and suspend his phone and law library Privileges, he was transferred from Module 4600 to Module 3500 AdSeg no phone or outdoor exercise and law library indefinite.

17) As a result of Defendant Renaldo writing the false write up, Plaintiff spent 1 year 3500/3100 Module without law library, visits and phone.

18) As a result of the deliberate retaliation and false write-up, Plaintiff had to give up Pro Per status; Plaintiff Could not have his trail on 7/16/21; Plaintiff was denied release; Plaintiff Could not contact Family/Friends using his booking Number; Plaintiff Could not use his PIN to call attorney(s); Plaintiff Could not get attorney visits; and Plaintiff was placed in AdSeg as punishment.

19) Plaintiff First Amendment right to Petition the Courts was violated by Defendant Priver and Defendant Fern and Defendant Sandoval and Defendant Richman and Defendant Madre and Defendant Ryan and Defendant Espinoza Conspiring to interfer with speedy Preliminary Hearing and speedy trail and false Misconduct.

18

(Claim 3: Plaintiff's right to receive legal Books was censored by Defendant Priver and Fern)

80) Plaintiff alleges as a result of eavesdropping on Plaintiff's telephone conversation with legal assistance Eugene Moore and friend Wilkins, he had Defendant Fern and Priver to have Defendant Hailey and Defendant Hinton and Edmonds to censor all plaintiff's calls and Mail and publisher books to help him in his upon coming trail in Case People v. Washington, Case No BA490749 and People v. Washington, Case No BA489335

81) On May 18, 2021, as before or after, Plaintiff had a friend Wilkins to order him a legal book from Publisher to have sent to Los Angeles County Sheriff's Department Mail room.

82) On May 27, 2021, Plaintiff had Defendant Edmonds to return the book back to Publisher as unauthorized.

83) On 06/03/21, Plaintiff's cell door was approached by Defendant Edmonds who gave plaintiff a " County of Los Angeles Sheriff's Dept " Returned Mailed item - Inmate Notification " with no name and date on it by County of Los Angeles Sheriff's Dept Employee.

64) On 04/03/21, Plaintiff Filed an "Inmate Grievance" Complaining of Defendant Edmonds returning Mail item.

65) Defendant Edmonds told Plaintiff he couldn't have the book, it was Contraband and not allowed.

66) Plaintiff Knew that Defendant Hailey and Defendant Fern and Defendant Hinton and Defendant Priver had been eavesdropping on all Calls and Monitoring who plaintiff was talking to, so they could serve search warrant(s) and/or interfer with the Plaintiff's right to self representation.

67) As a result of Plaintiff making phone calls to co-defendant W. Harrison and co-defendant V. Sesma, he was targeted by Defendant Fern and Defendant Hinton, who monitored all calls and Knew what was coming in from Publisher or lawyer or Legal Runner.

68) As a result of Defendant Hailey and Defendant Hinton and Defendant Fern and Defendant Edmonds eavasdropping on telephone conversations, he had his legal books sent to him, so Plaintiff could not prepare for trail in People v. Washington, BA490749, on 07/16/21, sent book to publisher without right File Inmate Grievance.

20

89) As a result of this First Amendment violation of Censorship, Plaintiff have been denied, delayed, and interfered with receiving legal book (s) in criminal litigation, Plaintiff was stripped of Pro Per status, Plaintiff denied law library, and books returned as retaliation for exercising right to Self Representation, and denied Pro Per supplies weekly.

90) Plaintiff and inmates have a First Amendment right to read, and publishers and other's have a right to send reading material.

91) Because Defendant Hailey and Defendant Edmund and Defendant Tern and Defendant Hinton have a long history of eavesdropping and censoring publications, sometimes for good reasons, but something they have no right to interfer with.

93) The Plaintiff alleges that Defendant Tern and Defendant Hinton and Defendant Edmunds may not retaliate against an inmate for exercising his Pro Per rights.

94) Defendant Edmunds and Defendant Hailey and Defendant Hinton and Defendant Tern and Defendant River lacked penological and/or security justification to treat plaintiff in the manner as described above during his entire Confinement in Los Angeles County Men's Jail AdSeg Unit.

21

95) Defendant Priver and Defendant Fern and Defendant Hailey and Defendant Sandoval and Defendant Madre and Defendant Renlun and Defendant Espinoza and Defendant Ryan and Defendant Sandoval and Defendant Edmonds and Defendant Hinton acted wantonly, Maliciously and Willfully.

## V CAUSE OF ACTION

(FIRST CAUSE OF ACTION: Plaintiff was subjected to Cruel and unusual Punishment in violation of the Eight Amendment to the United States Constitution)

96) Plaintiff incorporates paragraph 1 through 95 as though they were stated fully herein.

97) Defendant Fern and Espinoza and Sandoval and Richman and Hinton and Hailey violated Plaintiff's Eight Amendment right to be free from cruel and unusual punishment by keeping Plaintiff in restraints and Confined to Adseg for 21 Months while awaiting trail.

98) Defendant Fern and Espinoza and Sandoval and Richman and Ryan and Madre Violated Plaintiff's Eight Amendment right to be free from Cruel and unusual punishment by depriving Plaintiff reasonable access to basic necessities of life for 21 Months while Confined LA County Men's Jail Adseg unit.

99) Defendant Fern and Espinoza and Sandoval and Richmon and Ryan and Madre violated Plaintiff's Eight Amendment right to be free from cruel and unusial punishment by depriving Plaintiff reasonable access to basic necessities of life for 21 Months while confined in LA County Men's Jail awaiting trail.

100) Defendant Priver and Fern and Ryan and Madre and Espinoza and Sandoval violated Plaintiff's Eight Amendment right to be free from cruel and unusial punishment by depriving Plaintiff of a Speedy Preliminary Hearing and Speedy trail while Confined in LA County Men's Jail for 21 Months awaiting trail.

(SECOND CASE OF ACTION: PLAINTIFF WAS DENIED DUE PROCESS UNDER THE FOURTEENTH AMENDMENT TO THE UNITED STATES CONSTITUTION)

101) Plaintiff incarporates paragraph 1 through 95 as though they were stated fully herein.

102) Defendant Fern and Sandoval and Priver and Ryan and Madre and Espinoza violated Plaintiff's Fourteenth Amendment rights to due Process by Continuously Keeping Plaintiff in restraints for 21 Months that Plaintiff was Confined in LA County Men's Jail awaiting trail in tel seg.

103) Defendant Fern and Sandoval and Priver and Ryan and Madre and Espinoza and Hailey and Hinton violated Plaintiff Fourteenth Amendment right to due Process by depriving Plaintiff reasonable access to speedy preliminary Hearing and speedy trail within 60 days while confined to Los Angeles Men's Jail.

104) Defendant Priver and Fern and Sandoval and Espinoza and Richman and Madre and Ryan violated Plaintiff's Fourteenth Amendment right to due Process by depriving Plaintiff of any Movement out of cell and Release from custody while confined in Los Angeles County Men's Jail 21 Months awaiting trail.

105) Defendant Sandoval and Fern and Priver and Richman and Madre and Ryan and Hailey and Hinton and Edmonds violated Plaintiff's Fourteenth Amendment right to due Process by depriving Plaintiff of an opportunity to aggrieve the conditions of his Confinement.

(THIRD CAUSE OF ACTION: DELIBERATE RETALIATION UNJUSTIFIABLE DELAY AND INTERFERENCE WITH PRO-PER RIGHTS)

106) Plaintiff incorporate paragraph 1 though 95 as though they were stated fully herein.

107) Defendant Fern and Sandoval and Priver and Ryan and Medre and Espinoza and Edwards and Hailey and Hinton violated Plaintiffs FIRST Amendment right to be free from government interference with Right of Access to Court by depriving of Right to Petition the government for redress of grievances.

108) Defendant Fern and Sandoval and Priver and Ryan and Medre and Espinoza and Edwards and Hailey and Hinton violated Plaintiff's FIRST AMENDMENT right to be Free from government censorship of Publication of legal Book, Mail and eavesdropping on Conversations to interfer with Right to Self Representation while Confined for 21 Months in Los Angeles County Men's Jail.

109) Defendant Fern and Sandoval and Priver and Ryan and Medre and Rendon and Espinoza and Edwards and Hailey and Hinton violated Plaintiff's FIRST Amendment right to be free from deliberate retaliation by Continuously Keeping Plaintiff in restraints for 21 Months that Plaintiff was Confined in Ad Seg and LA County Men's Jail without due process of law.

110) Defendant Fern and Sandoval and Priver and Ryan and Medre and Rendon and Espinoza and Edwards and Hailey and Hinton violated Plaintiff's right to be free from racial animus by depriving plaintiff of an oppurnity to aggrieve the Conditions of Confinement.

25

## VI   PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully Prays that this Court:

(A) Declare that the acts and omissions described herein violated Plaintiff's rights under the Constitution and laws of the United States;

(B) Order Defendants to Pay Compensatory and Punitive damages;

(C) Order Defendants to Pay reasonable attorney fees and costs; and

(D) Grant other just and equitable relief this Honorable Court deems necessary.

Dated: April 29, 2022

Respectfully Submitted,

Roderick Washington

In Proper

## Verification

Pursuant to 28 USC section 1746, I declare and verify under penalty Perjury under the laws of the United States of America that the foregoing is true and correct. executed on April 29, 2022, at los Angeles, CA

Roderick Washington

Roderick Washington 5994632
441 Bauchet Street
Los Angeles, CA 90012
 IN Pro Per


UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA


RODERICK WASHINGTON          Case No
                Plaintiff    DECLARATION OF RORERICK
Vs                           WASHINGTON DENIAL OF
SHEN JAY FERN, etal,         LAW LIBRARY
            Defendants    /

   I, Roderick Washington, declare:
1) I am a Plaintiff in this Case.
2) I am Confined to Los Angeles Men's Jail.
3) I am denied and obstructed physical access
to law library and Copier to make copies of
Exhibits A-H to attach as exhibits.
4) Because of the denial of law library and Copier
to make Copies to furnish to the Cart. I am
denied and impeded in my ability to make Copies
to present to the Cart to demonstrate Exhaustion
of Remedies.
I declare under the Ponalty of Perjury that the foregoing
is true and correct and that if I was called to testify I
Could and would do so Competently Executed on April
29, 2022, at Los Angeles CA

