1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

RODERICK WASHINGTON,

                Plaintiff,

    v.

SHEN JAY FERN, et al.,

                Defendants.

CASE NO. CV 22-3564-CBM (AS)

**REPORT AND RECOMMENDATION OF**

**UNITED STATES MAGISTRATE JUDGE**

    This Report and Recommendation is submitted to the Honorable Consuelo B. Marshall, United States District Judge, pursuant to 28 U.S.C. § 636 and General Order 05-07 of the United States District Court for the Central District of California.  For the reasons stated below, it is recommended that this action be dismissed with prejudice pursuant to 28 U.S.C. § 1915(g) and Rule 41(b) of Federal Rules of Civil Procedure.

**I.**

**INTRODUCTION**

On May 23, 2022, Roderick Washington ("Plaintiff"), a Los Angeles County inmate proceeding *pro se*, filed a civil rights Complaint pursuant to 42 U.S.C. § 1983 ("Complaint"). (Dkt. No. 1). Plaintiff states that he is a pre-trial detainee at the Los Angeles Men's Central Jail. (Dkt. No. 1 at 2). The Complaint names thirteen defendants including judges with the Los Angeles County Superior Court, members of the Los Angeles County Sheriff's Department, Deputy District Attorneys, and counsel for the Los Angeles County District Attorney's Office. Plaintiff seeks monetary damages based on asserted claims of constitutional deprivations arising from Plaintiff's arrest and prosecution in various criminal matters, including the fabrication of evidence, denial of his rights to a speedy preliminary hearing and a speedy trial, denial of access to the law library and the Courts, and cruel and unusual punishment based on his placement in administrative segregation.[1]  (Dkt. No. 1 at 6-25). Because plaintiff is appearing *pro se* in this civil rights action, the Court must afford Plaintiff the benefit of any doubt. See Blaisdell v. Frappiea, 729 F.3d 1237, 1241 (9th Cir. 2013); Pouncil v Tilton,

---

[1] The Court issued Orders directing Plaintiff to pay the Filing Fee or Show Cause why this action should not be dismissed pursuant to 28 U.S.C. § 1915(g) in two cases that Plaintiff has filed in this district nearly contemporaneously with this action: Case No. CV 22-1552-GW (AS), filed on March 7, 2022, and Case No. CV 22-1699-CBM (AS), filed on March 14, 2022. The Court notes that the Complaint filed in this action asserts claims that are duplicative of claims asserted in the actions filed on March 7 and March 14, 2022.

1  704 F.3d 568, 574-75 (9th Cir. 2012); <u>Hebbe v. Pliler</u>, 627 F.3d
2  338, 342 (9th Cir. 2010).

4      Plaintiff did not prepay the filing fees.  Instead, he filed
5  a Request to Proceed *in forma pauperis* ("IFP Request").  (Dkt. No.
6  2).  On June 24, 2022, the Court issued an Order to Pay the Filing
7  Fees or Show Cause ("OSC") why Plaintiff should not be denied leave
8  to proceed IFP and why this action should not be dismissed pursuant
9  to 28 U.S.C. § 1915(g).  (Dkt. No. 5).  Plaintiff was admonished
10 in the OSC that he would be precluded from proceeding IFP in this
11 action unless he can show, at the time he initiated this action,
12 he was "under imminent danger of serious physical injury."  (*Id.*
13 at 8-9 (citing 28 U.S.C. § 1915(g))).  Plaintiff was explicitly
14 warned that the action would be dismissed if he did not either pay
15 the full filing fees or show cause why he should not be denied
16 leave to proceed IFP on or before July 25, 2022.  (*Id.* at 9).

18      Plaintiff did not respond to the Court's June 24, 2022
19 Order.  Accordingly, on July 27, 2022, the Court issued a second
20 Order to Show Cause why this action should not be dismissed pursuant
21 to 28 U.S.C. § 1915(g).  (Dkt. No. 6).  The Court's July 27, 2022
22 Order explicitly warned Plaintiff that failure to respond would
23 result in the action being dismissed with prejudice for failure to
24 prosecute and obey court orders.  (*Id.*).  As of the date of this
25 Report and Recommendation, Plaintiff has failed to file a response
26 to either OSC, set forth good cause for his failure to timely file
27 a response, or pay the full filling fees in this action.

28

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**II.**

**DISCUSSION**

**A.   28 U.S.C. § 1915(g)**

In connection with the initial screening of the Complaint, the Court reviewed past civil actions filed by Plaintiff in the federal district courts and in the Ninth Circuit Court of Appeals. Plaintiff's litigation history reflects that he is subject to the provisions of 28 U.S.C. § 1915(g).  Courts may raise § 1915(g) *sua sponte*.  See, e.g., Strope v. Cummings, 653 F.3d 1271, 1273 (10th Cir. 2011) ("[W]e may raise the issue of [§ 1915(g)] strikes *sua sponte*"; and a district court has the discretion to revoke IFP privilege); Harris v. City of New York, 607 F.3d 18, 23 (2nd Cir. 2010) ("district courts may apply the three strikes rule *sua sponte*"); Maxton v. Bureau of Prisons Dir., 2019 U.S. Dist. Lexis 121840, at *4, 2019 WL 3287832 (C.D. Cal. July 18, 2019)("Courts may raise Section 1915(g) *sua sponte* and dismiss the action after providing the plaintiff with an opportunity to be heard.").

Pursuant to § 1915(g), a prisoner may not "bring a civil action or appeal a judgment in a civil action or proceeding" without prepayment of the filing fees:

> if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

4

28 U.S.C. § 1915(g). Such dismissal is deemed a "strike." Further, the provisions of § 1915(g) apply to plaintiffs who were "in custody as the result of a conviction or who have been detained for an alleged criminal violation" at the time the action was filed. See Andrews v. King, 398 F.3d 1113, 1122 (9th Cir. 2005) (holding that the plaintiff "bears the burden of establishing that he was in INS custody and that he was not facing criminal charges **at the time he filed the actions**") (emphasis added).

    The Ninth Circuit has held that the phrase "fails to state a claim on which relief may be granted" as used in § 1915(g), parallels the language of Fed. R. Civ. P. 12(b)(6) and carries the same interpretation; that the word "frivolous" refers to a case that is "of little weight or importance: having no basis in law or fact"; and the word "malicious" refers to a case "filed with the 'intention or desire to harm another.'" See Andrews, 398 F.3d at 1121 (explaining the terms used in § 1915(g)). In addition, the Ninth Circuit has held that the prior denial of IFP status on the basis of frivolity or failure to state a claim constitutes a strike for purposes of § 1915(g). See O'Neal v. Price, 531 F.3d 1146, 1153-54 (9th Cir. 2008) (also stating that a dismissal without prejudice may count as a strike). Additionally, appellate affirmances do not count as strikes when the appeal merely affirms the decision of the district court, but an appeal of a dismissal will count as a separate strike if the appellate court "expressly states that the appeal itself was frivolous, malicious or failed to state a claim." El-Shaddai v. Zamora, 833 F.3d 1036, 1045-46 (9th Cir. 2016). Finally, the Supreme Court has confirmed that

§ 1915(g) applies "to any dismissal for failure to state a claim, whether with prejudice or without." <u>Lomax v. Ortiz-Marquez</u>, 140 S. Ct. 1721, 1723 (2020).

Once a plaintiff has accumulated three strikes, he is prohibited from pursuing any subsequent civil action without prepayment of the full filing fees, unless he makes a showing that he was "under imminent danger of serious physical injury" based on the circumstances "at the time the complaint was filed, not at some earlier or later time." <u>Andrews v. Cervantes</u>, 493 F.3d 1047, 1052-53 (9th Cir. 2007); 28 U.S.C. § 1915(g). Further, "the prisoner bears the ultimate burden of persuading the court that § 1915(g) does not preclude IFP status." <u>Richey v. Dahne</u>, 807 F.3d 1202, 1206 (9th Cir. 2015); <u>see also</u> <u>Harris v. Harris</u>, 935 F.3d 670, 673 (9th Cir. 2019) (once a prima facie case has been made for the applicability of § 1915(g), "the burden shifts to the plaintiff to persuade the court that § 1915(g) does not apply" (internal quotation marks and citation omitted)).

In light of the foregoing standards, the Court has taken judicial notice of the following prior civil actions filed by Plaintiff in the United States District Courts of California that qualify as strikes for purposes of § 1915(g). <u>See</u> Fed. R. Evid. 201(b)(2), (c)(1):

(1) - (3) <u>Washington v. Gomez</u>, 1999 U.S. App. Lexis 22877, 194 F.3d 1319, 1999 WL 730352 (9th Cir. Sept. 16, 1999). The Ninth Circuit affirmed the dismissal of Plaintiff's civil rights case by

the District Court for the Northern District of California in Case No. C 98-1831-TEH (PR).  The Ninth Circuit noted that Plaintiff had been a prisoner at the time that he filed his Complaint in the action, and, in his appeal, Plaintiff did "not contend that the district court erred by identifying three prior actions as qualifying 'strikes' under § 1915(g)."  After concluding that Plaintiff had failed to allege any facts showing that he had been facing an imminent threat of serious physical injury at the time the action was initiated, the Ninth Circuit held that the District Court did not err in dismissing the action pursuant to § 1915(g).  In the district court opinion that was affirmed on appeal, District Judge Henderson found that Plaintiff had had "three or more prior prisoner actions dismissed by this court on the grounds that they are frivolous, malicious, or fail to state a claim upon which relief may be granted."  Judge Henderson's opinion cites three earlier cases: Washington v. Cambra, No. C 95-3356-TEH (N.D. Cal. Oct. 2, 1995) (order of dismissal); Washington v. Cambra, No. C 95-3641-TEH (N.D. Cal. Nov. 7, 1995) (order of dismissal); Washington v. Cambra, No. C 95-3763-TEH (N.D. Cal. Nov. 20, 1995) (order of dismissal). See Washington v. Gomez, et al., 1998 WL 296370 (N.D. Cal. June 1, 1998) (Case No. C 98-1831-THE-(PR)) (order of dismissal).  Although the Ninth Circuit's opinion does not itself count as a "strike," the Ninth Circuit affirmed the finding of the district court in Case No. C 98-1831 that Plaintiff's three earlier cases in the Northern District of California constituted "strikes" within the meaning of § 1915(g), and Plaintiff did not contend that the "strikes" from the cited cases he filed in 1995 did not qualify as "strikes."  Accordingly, the

7

1    three "strikes" that were identified by District Judge Henderson
2    in Case No. C 98-1831 continue to count as "strikes" against
3    Plaintiff in this action.

4

5        (4) <u>Washington v. United States District Court</u>, Case No. CV-
6    01-00715-UA (AJW), United States District Court for the Central
7    District of California, filed January 24, 2001.  Plaintiff sought
8    leave to proceed IFP. (Dkt. No. 1).  On February 1, 2001, the case
9    was dismissed on the grounds that it failed to state a claim upon
10   which relief could be granted.  (Dkt. No. 2).  Plaintiff filed an
11   appeal to the Ninth Circuit (Dkt. No. 3), which was denied on the
12   grounds that the appeal lacked merit.  (Dkt. Nos. 5-6).  This
13   constitutes only one "strike" because the Ninth Circuit did not
14   find that the appeal was "frivolous."  <u>See</u> <u>El-Shaddai v. Zamora</u>,
15   833 F.3d 1036, 1045-46 (9th Cir. 2016) (an appellate decision does
16   not count as a separate strike unless the appellate court
17   "expressly states that the appeal itself was frivolous, malicious,
18   or fails to state a claim").

19

20       (5) <u>Washington v. United States District Court</u>, Case No. CV-
21   07-01277-UA, United States District Court for the Central District
22   of California, filed February 25, 2007.  On March 23, 2007,
23   Plaintiff's IFP Request was denied and the action dismissed on the
24   ground that "Plaintiff is a 'three strikes' filer within the
25   meaning of 28 U.S.C. § 1915(g), and his allegations do not show
26   that he 'is under imminent danger of serious physical injury.'"
27   (Dkt. No. 2).  Plaintiff filed a Notice of Intent to Appeal the
28   denial of his IFP Request to the Ninth Circuit (Dkt. Nos. 3-5),

and the District Judge certified that the "proposed appeal is not taken in good faith under 28 U.S.C. § 1915(g) and is frivolous, without merit and does not present a substantial question." (Dkt. No. 6 at 3).

(6) <u>Washington v. State of Cal., et al.</u>, Case No. CV-07-02965-UA (AJW), United States District Court for the Central District of California, filed May 4, 2007. Plaintiff's IFP Request was denied on May 18, 2007, for failure to state any claim upon which relief may be granted. (Dkt. No. 3 at 2).

(7) <u>Washington v. Baca</u>, Case No. CV-08-02437-UA (AJW), United States District Court for the Central District of California, filed April 14, 2008. Plaintiff's IFP Request was denied on April 28, 2008, citing Plaintiff's earlier case, <u>Washington v. Inglewood Parole Region</u>, Case No. CV-99-12212-UA, in which plaintiff was ordered to attach a "Disclosure of Three Strikes" form to any further application for leave to proceed IFP. (Dkt. No. 2).[2]

---

[2] Plaintiff's Case No. CV-99-12212-UA was closed on December 7, 1999 (see above). The Central District of California's Civil Docket reflects that Plaintiff was ordered by District Judge Hatter on October 20, 2000, to "attach a copy" of a notice providing "Disclosure of 'Three Strikes' Under 28 U.S.C. § 1915(g) to (a) any complaint or (b) any application for leave to proceed *in forma pauperis*, which Plaintiff files in any civil action or appeal in any United States District Court or in any United States Court of Appeals." (Case No. CV-99-12212, ECF No. 18 (some internal quotation marks omitted)). In the "Disclosure" statement drafted by the District Court, the District Court cited 8 cases filed by Plaintiff that were closed between 1995 and 1998 and states that:

> Roderick Washington has, on three or more prior occasions while incarcerated, brought an action or appeal in a court of the United States that was dismissed on

Plaintiff appealed the denial of his IFP Request to the Ninth Circuit (Dkt. Nos. 3-6), and, on June 12, 2008, the Ninth Circuit denied plaintiff leave to proceed with the appeal on the grounds that "the appeal is so insubstantial as to not warrant further review."  (Dkt. No. 7).

In addition, the Court takes judicial notice of the following cases that previously found that Plaintiff could not proceed IFP in a civil action because he had already accumulated three "strikes" prior to when he initiated those actions:

(1) <u>Washington v. Gomez</u>, 1996 U.S. Dist. Lexis 17031, 1996 WL 682026 (N.D. Cal. Nov. 15, 1996) (denying Plaintiff's IFP Request and dismissing Case No. C 98-04064-TEH on the grounds that Plaintiff had "had 3 or more prior prisoner actions dismissed by this court on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted").

(2) <u>Washington v. Inglewood Parole Reg.</u>, Case No. CV-99-12212-UA, United States District Court for the Central District of California, filed November 24, 1999.  The case was closed on December 7, 1999, upon denial of Plaintiff's IFP Request.  In a Report and Recommendation recommending that Plaintiff's subsequent Motion for Reconsideration be denied, the assigned magistrate judge stated that Plaintiff was "barred from proceeding IFP under 28

---

the grounds that it was frivolous, malicious, or failed to state a claim upon which relief might be granted.

10

U.S.C. § 1915(g) when he filed his IFP application." Further, it was noted that Plaintiff had filed 52 actions since 1995, and the district court took judicial notice of decisions in the Northern District of California that had dismissed actions filed by Plaintiff in that District on the grounds that Plaintiff had already accumulated three or more "strikes." The district court also took judicial notice of a case in the Eastern District of California in which Plaintiff's IFP status had been revoked after the district court discovered that Plaintiff had been barred by the Northern District from proceeding IFP pursuant to § 1915(g), citing <u>Washington v. Galaza</u>, Case No. CV 98-05379-OWW-SMS-P. Finally, the district court noted that Plaintiff had "misrepresented the number of prior lawsuits he has brought in federal court in connection with his IFP application." (Case No. CV-99-12212, Dkt. No. 15 at 6-9, 11). The Report and Recommendation in that action was adopted by District Judge Hatter, Plaintiff's motion for reconsideration was denied (Dkt Nos. 19, 28), and the Ninth Circuit declined to proceed on Plaintiff's appeal for lack of jurisdiction (Dkt. Nos. 38-39).

(3) <u>Washington v. Centinela Hospital</u>, Case No. CV-03-07353-UA (AJW), United States District Court for the Central District of California, filed October 15, 2003. On November 6, 2003, Plaintiff's IFP Request was denied and the case was dismissed on the grounds that Plaintiff had already accrued more than three strikes. (Dkt. Nos. 2, 8). Plaintiff's appeal to the Ninth Circuit Court of Appeal was subsequently dismissed as lacking merit. (Dkt. No. 12).

1    (4) <u>Washington v. Gomez, et al.</u>, Case No. CV-05-05885-UA

2    (AJW), United States District Court for the Central District of

3    California, filed August 11, 2005.  On August 19, 2005, Plaintiff's

4    IFP Request was denied and the case was dismissed on the grounds

5    that plaintiff had already accumulated "three strikes."  (Dkt. No.

6    2 at 1).

7

8    (5) <u>Washington v. United States District Court</u>, Case No. C

9    07-0609 TEH, 2008 WL 787125 (N.D. Cal. Mar. 20, 2008).  Plaintiff's

10   IFP Request was denied pursuant to § 1915(g).  Noting that Plaintiff

11   was "a frequent litigant in the federal courts," District Judge

12   Henderson cited the following cases that count as prior "strikes"

13   against Plaintiff: (1) <u>Washington v. Cambra</u>, No. C 95-3356 TEH

14   (N.D. Cal. Oct. 2, 1995) (order of dismissal); (2) <u>Washington v.</u>

15   <u>Cambra</u>, No. C 95-3641 TEH (N.D. Cal. Nov. 7, 1995) (order of

16   dismissal); (3) <u>Washington v. Cambra</u>, No. C 95-3763 TEH (N.D. Cal.

17   Nov. 20, 1995) (order of dismissal); (4) <u>Washington v. United</u>

18   <u>States District Court</u>, No. C 04-5313 TEH (N.D. Cal. Dec. 20, 2004)

19   (order of dismissal).

20

21   Although a dismissal of another civil action on the grounds

22   that Plaintiff had already accumulated three "strikes" does not

23   itself count as a "strike," all such earlier dismissals support

24   the Court's determination in this action that Plaintiff may not

25   proceed without prepayment of the filing fees.  See <u>El-Shaddai</u>,

26   833 F.3d at 1042 ("Where a dismissal is based solely on a finding

27   that the plaintiff has previously incurred at least three strikes,

28   without any additional finding that the instant action is itself

frivolous, malicious, or fails to state a claim, the dismissal does not count as an additional strike."). The Court, however, may take judicial notice of the findings of the various other district courts that Plaintiff had already accumulated at least three qualifying "strikes" by 1996. Moreover, the decisions in these other district court cases attest to Plaintiff's protracted and persistent pattern of filing frivolous pleadings in the federal courts.

Finally, the Court takes judicial notice of a proceeding in 2006 in the California Court of Appeal in which Plaintiff was declared a vexatious litigant pursuant to Cal. Code Civ. Proc. §§ 391, 391.7. Although this state court decision cannot support the Court's finding herein that Plaintiff is barred from proceeding IFP in any civil action or appeal of a civil action in a **federal court** unless he can show that he was under "imminent danger of serious physical injury," 28 U.S.C. § 1915(g), it sheds additional light on Plaintiff's prodigious litigation history. The California Court of Appeal cited "22 meritless appeals that Mr. Washington has filed in the Court of Appeal since September 2004," and found that Plaintiff "clearly meets the statutory definition of a vexatious litigant." In re Finding of Roderick Washington as a Vexatious Litigant, 2006 Cal. App. Unpub. 2006 WL 1401729, at *2 (Cal. App. May 23, 2006).

Accordingly, because Plaintiff had already accumulated more than three strikes before he initiated this action, Plaintiff is precluded from proceeding IFP herein unless he can show that, at

the time he filed this action, he was "under imminent danger of serious physical injury." 28 U.S.C. §1915(g).  The availability of the "imminent danger" exception "turns on the conditions a prisoner faced at the time the complaint was filed, not at some earlier or later time."  See Andrews, 493 F.3d at 1053.

The Court provided Plaintiff with notice of its finding that he was subject to the provisions of § 1915(g) and the opportunity to be heard by issuance of OSCs on June 24 and July 27, 2022. (Dkt. Nos. 5-6).  Plaintiff has failed to meet his burden of persuading the Court that he should not be precluded from proceeding IFP in this action despite having previously collected more than three strikes.

In addition, in the June 24, 2022 OSC, Plaintiff was admonished that, because he already had accumulated more than three strikes before he filed his Complaint in this action, he would be unable to proceed IFP in this action unless he could show that he was facing "imminent danger of serious physical injury" at the time he initiated the action.  (Dkt. No. 5 at 8-9).  Plaintiff failed to even argue that this exception applied to his situation. Further, nothing in the factual allegations in the Complaint raises a reasonable inference that Plaintiff faced imminent danger of serious physical injury at the time that he initiated this action. Therefore, the Court finds that Plaintiff has failed to carry his burden of showing that, at the time he filed this action, he was "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

1   Accordingly, because Plaintiff had accumulated more than three

2   strikes while a prisoner, Plaintiff was a prisoner at the time that

3   he filed this action, and Plaintiff has made no showing that he

4   faced imminent danger of physical injury, Plaintiff is precluded

5   from proceeding IFP herein.   Plaintiff may not proceed in this

6   action without pre-payment of the full filing fees.   Plaintiff has

7   been provided with notice that this action would be dismissed if

8   he did not pay the full filing fees, and he has not done so.   The

9   Court therefore recommends that Plaintiff be denied leave to

10  proceed IFP and that this action be dismissed.

11

12  **B.   Rule 41(b)**

13

14  "Pursuant to Federal Rule of Civil Procedure 41(b), the

15  district court may dismiss an action for failure to comply with

16  any order of the court." Ferdik v. Bonzelet, 963 F.2d 1258, 1260

17  (9th Cir. 1992); Fed. R. Civ. P. 41(b);[3] see also Van Bronkhorst

18  v. Safeco Corp., 529 F.2d 943, 947 (9th Cir. 1976) ("[A] District

19

20  [3] Rule 41(b) states that "[i]f the plaintiff fails to
    prosecute or to comply with these rules or a court order, a
21  defendant may move to dismiss the action or any claim against it."
    Fed. R. Civ. P. 41(b). "[W]hereas the plain language of Rule 41(b)
22  suggests that [involuntary] dismissals may only result from a
    defendant's motion, . . . courts may dismiss under Rule 41(b) sua
23  sponte . . . ." Hells Canyon Preservation Council v. United States
    Forest Serv., 403 F.3d 683, 689 (9th Cir. 2005); see also Link v.
24  Walsh R.R. Co., 370 U.S. 626, 630 (1962) ("Neither the permissive
    language of . . . Rule [41(b)] — which merely authorizes a motion
25  by the defendant — nor its policy requires us to conclude that it
    was the purpose of the Rule to abrogate the power of courts, acting
26  on their own initiative, to clear their calendars of cases that
    have remained dormant because of the inaction or dilatoriness of
27  the parties seeking relief.").

28

Court has the power to dismiss a claim of a plaintiff with prejudice [pursuant to Rule 41(b)] for failure to comply with an order of the court."). Moreover, "[a]ll federal courts are vested with inherent powers enabling them . . . to ensure obedience to their orders." United States v. W.R. Grace, 526 F.3d 499, 509 (9th Cir. 2008) (en banc) (citations and internal quotation marks omitted); Aloe Vera of Am., Inc. v. United States, 376 F.3d 960, 964-65 (9th Cir. 2004) (per curiam); see also Ferdik, 963 F.2d at 1260 ("District courts have the inherent power to control their dockets and, '[i]n the exercise of that power they may impose sanctions including, where appropriate, . . . dismissal of a case.'" (citation omitted)). "These powers are 'governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases.'" Chambers v. NASCO, Inc., 501 U.S. 32, 43 (1991) (quoting Link v. Walsh R.R. Co., 370 U.S. 626, 630-31 (1962)).

    In determining whether to dismiss a case for failure to comply with a court order, district courts must weigh five factors: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendant; (4) the public policy favoring disposition of cases on their merits and (5) the availability of less drastic sanctions."[4] Olmstead v. Dell, Inc., 594 F.3d 1081, 1084 (9th Cir.

---

[4] "These factors 'are not a series of conditions precedent before the judge can do anything,' but a 'way for a district judge to think about what to do." In re Phenylpropanolamine (PPA) Prod.

2010), *overruled on other grounds by* Langere v. Verizon Wireless Servs., LLC, 983 F.3d 1115, 1117 (9th Cir. 2020) (citation omitted); Bautista v. Los Angeles Cty., 216 F.3d 837, 841 (9th Cir. 2000).

The Ninth Circuit "may affirm a dismissal where at least four factors support dismissal . . . or where at least three factors "strongly" support dismissal." Yourish v. California Amplifier, 191 F.3d 983, 990 (9th Cir. 1999) (quoting Hernandez v. City of El Monte, 138 F.3d 393, 399 (9th Cir. 1998)).  As set forth below, the Court finds that four of the five factors strongly weigh in favor of dismissal.

1.   **The Five Factors Support Dismissal**

   a.   **The Public's Interest in Expeditious Resolution of Litigation**

The Ninth Circuit has explained, as to the first factor, that "[t]he public's interest in expeditious resolution of litigation always favors dismissal." Pagtalunan v. Galaza, 291 F.3d 639, 642 (9th Cir. 2002) (quoting Yourish v. California Amplifier, 191 F.3d 983, 990 (9th Cir. 1999)) (internal quotation omitted).  Here, Plaintiff has failed to respond to the Court's June 24 and July 27, 2022 OSCs.  This factor therefore weighs in favor of dismissal.

---

Liab. Litig., 460 F.3d 1217, 1226 (9th Cir. 2006) (quoting Valley Eng'rs Inc. v. Elect. Eng'g Co., 158 F.3d 1051, 1057 (9th Cir. 1998)).

1  See Pagtalunan, 291 F.3d at 642 (Plaintiff's failure to pursue the

2  case for almost four months weighed in favor of dismissal).

3

4              **b.    The Court's Need to Manage Its Docket**

5

6      The second factor - the Court's need to manage its docket -

7  similarly weighs in favor of dismissal.  Courts have the "power to

8  manage their dockets without being subject to the endless vexatious

9  noncompliance of litigants."  See Ferdik v. Bonzelet, 963 F.2d

10 1258, 1261 (9th Cir. 1992).  Thus, the second factor focuses on

11 whether a particular case has "consumed . . . time that could have

12 been devoted to other cases on the [court's] docket."  See

13 Pagtalunan, 291 F.3d at 642; Edwards v. Marin Park, Inc., 356 F.3d

14 1058, 1065 (9th Cir. 2004) ("[R]esources continue to be consumed

15 by a case sitting idly on the court's docket.").

16

17     On June 24 and July 27, 2022, the Court issued OSCs ordering

18 Plaintiff to show cause why this action should not be dismissed

19 pursuant to 28 U.S.C. § 1915(g).  To date, Plaintiff has not

20 complied with the Court's Orders, sought an extension of time to

21 do so, or otherwise communicated with the Court.

22

23     As a result, the Court remains unaware if or how Plaintiff

24 intends to proceed with this matter.  The Court expended valuable

25 time preparing the OSCs.  Thus, Plaintiff's case has "consumed  .

26 . . time that could have been devoted to other cases on the

27 [court's] docket."  See Pagtalunan, 291 F.3d at 642.  The Court

28 cannot continue to spend valuable resources attempting to move

forward a case that Plaintiff does not wish to expeditiously pursue. Consequently, the Court's need to manage its docket favors dismissal.

###    c.    The Risk of Prejudice to Defendants

The third factor - the risk of prejudice to the defendant - also favors dismissal. "A defendant suffers prejudice if the plaintiff's actions impair the defendant's ability to go to trial or threaten to interfere with the rightful decision of the case." In re Phenylpropanolamine (PPA) Prod. Liab. Litig., 460 F.3d 1217, 1227 (9th Cir. 2006) (quoting Adriana Int'l Corp. v. Thoeren, 913 F.2d 1406, 1412 (9th Cir. 1990)). "[T]he risk of prejudice to the defendant is related to the plaintiff's reason for defaulting in failing to timely amend." Yourish v. Cal. Amplifier, 191 F.3d 983, 991 (9th Cir. 1999); see also Malone v. U.S. Postal Serv., 833 F.2d 128, 131 (9th Cir. 1987) ("Whether prejudice is sufficient to support an order of dismissal is in part judged with reference to the strength of the plaintiff's excuse for the default.").

Here, Plaintiff has proffered no excuse for his failure to comply with the Court's orders, see In re Phenylpropanolamine (PPA) Prod. Liab. Litig., 460 F.3d at 1227 ("The law . . . presumes prejudice from unreasonable delay."); Pagtalunan, 291 F.3d at 643 ("[Unreasonable] delay inherently increases the risk that witnesses' memories will fade and evidence will become stale."); In re Eisen, 31 F.3d 1447, 1452 (9th Cir. 1994) ("[T]he failure to prosecute diligently is sufficient by itself to justify dismissal

. . . [t]he law presumes injury from unreasonable delay." (quoting Anderson v. Air West, Inc., 542 F.2d 522, 524 (9th Cir. 1976))), and he has not communicated with the Court in response to either OSC.  Given the absence of any explanation for it, the Court finds Plaintiff's delay in prosecuting this case to be unreasonable. Accordingly, prejudice is presumed and weighs in favor of dismissal.

### d.   Public Policy Favoring Disposition on the Merits

The fourth factor — the public policy favoring the disposition of cases on their merits — ordinarily, as here, weighs against dismissal.  See In re Phenylpropanolamine (PPA) Prod. Liab. Litig., 460 F.3d at 1228.  However, "this factor 'lends little support' to a party [such as Plaintiff,] whose responsibility it is to move a case toward disposition on the merits but whose conduct impedes progress in that direction."  Id.; see also Morris v. Morgan Stanley & Co., 942 F.2d 648, 652 (9th Cir. 1991) ("Although there is indeed a policy favoring disposition on the merits, it is the responsibility of the moving party to move towards that disposition at a reasonable pace, and to refrain from dilatory and evasive tactics."); Moralez v. City of Fresno, 2006 WL 2085036, at *2 (E.D. Cal. July 25, 2006) ("Public policy favoring disposition of cases on their merits also has little or no weight in actions where plaintiffs lack enough of an interest to file an amended complaint. The public and the court have no interest in determining the truth or falsity of the allegations that [p]laintiffs might raise in an

1  amended   complaint   if   [p]laintiffs   never   file   an   amended
2  complaint.").

3
4          **e.   Availability of Less Drastic Alternatives**

5
6          Less drastic alternatives to dismissal include warning a party
7  that dismissal could result from failure to obey a court order.
8  See Malone v. U.S. Postal Serv., 833 F.2d 128, 132 n.1 (9th Cir.
9  1987) (internal quotation marks omitted).   The Ninth Circuit has
10 explained that "[a] district court need not exhaust every sanction
11 short of dismissal before finally dismissing a case, but must
12 explore possible and meaningful alternatives."   Henderson v.
13 Duncan, 779 F.2d 1421, 1424 (9th Cir. 1986).   Furthermore, "a
14 district court's warning to a party that his [or her] failure to
15 obey the court's order will result in dismissal can satisfy the
16 'consideration of alternatives' requirement."   Ferdik, 963 F.2d at
17 1262 (citing Malone, 833 F.2d at 132-33; Henderson, 779 F.2d at
18 1424).

19
20         Here, the Court considered and implemented less drastic
21 alternatives prior to dismissal.   The Court's June 24, 2022 OSC
22 warned Plaintiff that a failure to comply with the Court's order
23 would result in dismissal of his case, (Dkt. No. 5 at 9), and the
24 Court's July 22, 2022 OSC warned Plaintiff that failure to timely
25 respond to the Court's Order "will result in a recommendation that
26 this action be dismissed with prejudice" (Dkt. No. 6 at 1).
27 Plaintiff did not respond to either Order.   On this record, the
28 Court finds that Plaintiff has lost interest in his own lawsuit,

and any less drastic alternatives to dismissal would be inadequate to remedy Plaintiff's failure to prosecute and obey Court orders.

**2.   Dismissal of This Action with Prejudice Under Rule 41(b) Is Appropriate**

As discussed above, four of the Rule 41(b) dismissal factors weigh in favor of dismissal, whereas only one factor (at best) slightly weighs against dismissal. "While the public policy favoring disposition of cases on their merits weighs against [dismissal], that single factor is not enough to preclude imposition of this sanction when the other four factors weigh in its favor." Rio Prop., Inc. v. Rio Int'l Interlink, 284 F.3d 1007, 1022 (9th Cir. 2002); see also Dreith v. Nu Image, Inc., 648 F.3d 779, 788 (9th Cir. 2011) (quoting Yourish, 191 F.3d at 990) ("We may affirm a dismissal where at least four factors support dismissal, or where at least three factors strongly support dismissal.").

Rule 41(b) states, in relevant part, "dismissal under this subdivision (b) and any dismissal not under this rule - except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19 - operates as an adjudication on the merits." Fed. R. Civ. P. 41(b).   The Court recommends dismissal of this action because of Plaintiff's failure to prosecute and obey Court orders.  As this case does not fall into one of the three exceptions set out in Rule 41(b), the dismissal will operate as an adjudication on the merits.  Thus, the Court recommends that this dismissal be

with prejudice to Plaintiff's refiling of a new complaint based on the same allegations.  See Stewart v. U.S. Bancorp, 297 F.3d 953, 956 (9th Cir. 2002) (dismissal interpreted as an adjudication on the merits unless one of the Rule 41(b) exceptions applies); Owens v. Kaiser Health Plan, Inc., 244 F.3d 708, 714 (9th Cir. 2001) (dismissal for failure to prosecute is treated as adjudication on the merits (citing United States v. Schimmels (In re Schimmels), 127 F.3d 875, 884 (9th Cir. 1997)).

Plaintiff was expressly warned about the possibility of dismissal in the event of his failure to respond to the Court's orders.  Plaintiff will have the opportunity to file Objections to this Report and Recommendation if he wishes to contest the dismissal of this action.

**III.**

**RECOMMENDATION**

For the foregoing reasons, IT IS RECOMMENDED that the District Judge issue an Order: (1) accepting this Report and Recommendation; (2) denying Plaintiff's IFP status (Dkt. No. 2); and (3) dismissing this action with prejudice pursuant to 28 U.S.C. § 1915(g) and Rule 41(b) of the Federal Rules of Civil Procedure.

DATED: August 26, 2022

/s/
ALKA SAGAR
UNITED STATES MAGISTRATE JUDGE

23

**NOTICE**

    Reports and Recommendations are not appealable to the Court of Appeals, but may be subject to the right of any party to file objections as provided in the Local Rules Governing the Duties of Magistrate Judges and review by the District Judge whose initials appear in the docket number.  No Notice of Appeal pursuant to the Federal Rules of Appellate Procedure should be filed until entry of the Judgment of the District Court.